IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| STEVEN E. LAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 cv 115 EJM |
| vs. | ) | |
| | ) | ORDER |
| CAROLYN W. COLVIN, | ) | |
| ACTING COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of his application for social security disability income and supplemental security income benefits. Briefing concluded June 19, 2015. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

Plaintiff asserts the Administrative Law Judge (ALJ) failed to give proper weight to the opinions of plaintiff's non-treating, consulting psychological examiner, and failed to develop the record. Accordingly, he asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992.)

Plaintiff is a 46-year-old man with a high school education and past work history as a retail store manager, computer technician, customer service representative, heating and air conditioner repairer, and instructor. He filed an application for disability insurance benefits and supplemental disability benefits alleging anxiety disorders, post-traumatic stress disorder and depression. He asserts that the ALJ failed to give proper weight to the medical opinions of non-treating, consultative psychological examiner Dr. Randall Watkins and others.

The ALJ discussed each of the medical source opinions addressing plaintiff's functional abilities. (Tr. 764-766). An ALJ must explain the weight she gives to the medical opinion evidence. See 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii). The ALJ must also resolve any conflicts between the various treating, examining and non-examining physician's opinions. See Pearsall v. Massanari, 274 F.3d 1211, 1219 (8th Cir. 2001). The ALJ did so, stating that she gave significant weight to opinions from state agency medical consultants Jennifer Ryan, Ph.D., David Christiansen, Ph.D., and Myra Tashner, Ed.D., and some weight to an opinion from consultative psychologist Randall Watkins, Ph.D. (Tr. 764-766). The ALJ noted that the record did not contain any opinions from treating or examining physicians indicating that plaintiff was disabled or had greater limitations than she included in the residual functional capacity finding. (Tr. 769). See Choate v. Barnhart, 457 F. 3d 865, 870 (8th Cir. 2006) (noting that none of the plaintiff's physicians had restricted his activities).

The ALJ did not use the exact language that the various doctors used in their opinions, but her residual functional capacity finding does, however, accommodate all of the limitations that the doctors found to exist. The ALJ's residual functional capacity

finding need not include a doctor's specific terms when other descriptive terms adequately describe the claimant's limitations. See Young v. Apfel, 221 F.3d 1065, 1069 (8th Cir. 2000) (citing Warburton v. Apfel, 188 F.3d 1057, 1050-51 (8th Cir. 1999)).

The ALJ also gave the opinions from state agency medical consultants Drs. Ryan, Christiansen and Tashner significant weight. (Tr. 764-766). Dr. Ryan concluded that plaintiff had the residual functional capacity to "follow simple instructions and perform work tasks consistent with this ability." (Tr. 488). Drs. Christiansen and Tashner opined that plaintiff had the following residual functional capacity:

> His interpersonal relationships in the work situation are likely to be moderately interrupted by anger and irritability. His judgment is sometimes questionable in this regard. The ability to understand and carry out instructions is unimpaired, but attention may be moderately restricted by preoccupation with psychological functioning.

(Tr. 572, 623). The state agency medical consultants' opinions support the ALJ's residual functional capacity finding. A medical consultant's opinion is an expert opinion from a highly qualified source that the ALJ must consider. See 20 C.F.R. §§ 404.1527(f)(2), 416.927(f)(2); see also SSR 96 6p, 1996 WL 374180 (July 2, 1996). When assessments of state agency medical consultants are consistent with other medical evidence in the record, they can provide substantial evidence supporting the ALJ's residual functional capacity assessment. See Stormo v. Barnhart, 377 F. 3d 801, 807-08 (8th Cir. 2004). The ALJ was acting well within her legal discretion to decide to give the weight she gave to the opinions of the various medical professionals.

The ALJ properly found that plaintiff's subjective statements were not entirely credible. Credibility questions concerning a plaintiff's subjective testimony are "primarily for the ALJ to decide, not the courts." Moore, 572 F.3d at 524 (quoting

Holmstrom v. Massanari, 270 F.3d 715, 721 (8th Cir. 2001) (internal quotation marks omitted)). The ALJ found plaintiff not fully credible based on his work history, daily activities and treatment record. This is supported by the record.

Based on the record, it is the court's view that the Commissioner's decision is supported by substantial evidence.

It is therefore

ORDERED

Affirmed.

June 30, 2015

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT